564 F.2d 304
 Eugene MONROE, Leslie Williams, Tim Richards, Wilson Ashby,
Susie Hunnicutt, Franklin Harris, Henry Harris, Sr., Johnny
Snyder, Daniel Thomas, Jr., Charlie Kiana, Mahlon Mills,
Levi A. Mills, Sr., Jenny Sours, Eugene Sours, Joe Harris,
Lydia Harris, L. Kasrie, Fredrick Driggs, Abraham Howarth,
Edna Outwater, Clara Sampson, Wilfred Lane, Vivian Lane,
Charlie Clark, Ingram Melton, William Jones, Douglas
Sheldon, Sr., Delbert Walton, Fletcher F. Gregg, Sr., Lena
Sours, Homer Mills, Norma Mills, Rex Sampson, Edgar Swan,
Sarah Scott, James Norton, Clarence Allen, Frank Scott, Sr.,
Beatrice Mills, Billy Glober, Charlie Richards, Virgil
Naylor, Della Keats, Saul Sheidt, Bessie Lee, Dora Hadley,
Fred Walton, George Melton, Claude Wilson, Lillian Gregg,
Martha Wood, Cora Hadley, Willard Hunnicutt, Russell Adams,
Mrs. Homer Russell, Homer Russell, Grace Bailey, Fletcher
Gregg, Jr., Charlie Sours, Enoch Sherman, Whittier Williams,
Jr., Russell Williams, Samuel Williams, Sr., Harry Outwater,
MaTI CALIFORNIA YEARLY MEETING OF FRIENDS CHURCH, Defendant-Appellee.
 No. 76-1005.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 8, 1977.
 
 Paul C. O'Connell, Anchorage, Alaska (argued) for appellants.
 Timothy G. Middleton, Anchorage, Alaska (argued) for appellee.
 Appeal from the United States District Court for the District of Alaska.
 Before WRIGHT, CHOY and ANDERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Appellants are Native Eskimos who seek title to land presently held by appellee, a Quaker organization which established a mission in Kotzebue, Alaska in 1897. In 1941, pursuant to 48 U.S.C. § 356 (now found at 25 U.S.C. § 280a), appellee obtained a patent to the land now disputed. Appellants contend the statute created a trust for their benefit.[1] The district court dismissed and we affirm.
 
 25 U.S.C. § 280a provides:
 
 2
 "The Indians or persons conducting schools or missions in the Territory of Alaska shall not be disturbed in the possession of any lands actually in their use or occupation on June 6, 1900, and the land, at any station not exceeding six hundred and forty acres, occupied on said date as missionary stations among the Indian tribes in the section, with the improvements thereon erected by or for such societies, shall be continued in the occupancy of the several religious societies to which the missionary stations respectively belong, and the Secretary of the Interior is directed to have such lands surveyed in compact form as nearly as practicable and patents issued for the same to the several societies to which they belong; but nothing contained in this Act shall be construed to put in force in the Territory the general land laws of the United States."
 
 
 3
 The statute neither conditions the grant nor manifests an intention to create a trust. Other legislation of that era indicates Congress would have used explicit language if a trust were intended. Compare 25 U.S.C. § 348 and 48 U.S.C. § 354a(b) with Act of May 2, 1890, ch. 182, § 18, 26 Stat. 81 and Act of Aug. 14, 1848, ch. 177, 9 Stat. 323. We therefore conclude a trust for appellants' benefit was not created,[2] and their action was properly dismissed.[3]
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 They also contend the grant violates the Establishment Clause. Appellants have not shown how this would vest title in them; therefore, they are without the personal stake in the resolution of the constitutional question necessary to raise the issue. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 260-61, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 37-39, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); Warth v. Seldin, 422 U.S. 490, 498-518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); United States v. Imperial Irrigation District, 559 F.2d 509, at 516-519 (9th Cir. 1977) (slip opinion at 1910-13); Bowker v. Morton, 541 F.2d 1347, 1349 (9th Cir. 1976)
 
 
 [2]
 Had a trust been intended, appellants' action would probably be time-barred. See Alaska Statutes 09.10.230 (1962)
 
 
 [3]
 Even assuming, without deciding, that appellants may have had a land claim of some nature, the Alaska Native Claims Settlement Act of 1971 would appear to have extinguished the claim
 "All claims against the United States, the State, and all other persons that are based on claims of aboriginal right, title, use, or occupancy of land or water areas in Alaska, or that are based on any statute or treaty of the United States relating to Native use and occupancy, or that are based on the laws of any other nation, including any such claims that are pending before any Federal or state court or the Indian Claims Commission, are hereby extinguished."
 Pub.L. 92-203, Sec. 4, Dec. 18, 1971, 85 Stat. 689, 43 U.S.C. § 1603(c).