1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$434,097.70 IN U.S. CURRENCY, Defendant,
Michael Miroyan, Claimant-Appellant,
 No. 91-16607.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1993.
Decided July 29, 1993.
 
 Before GOODWIN, HUG and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael H. Miroyan appeals a summary judgment in favor of the government in its civil forfeiture action pursuant to 21 U.S.C. 881(a)(6) against funds alleged to be drug proceeds.
 
 
 3
 This action is the second forfeiture proceeding brought against these funds. The first action was dismissed without prejudice following this court's remand in United States v. One 1985 Cadillac Seville, 866 F.2d 1142 (9th Cir.1989).
 
 
 4
 In this appeal, Miroyan challenges the district court's application of the doctrine of issue preclusion and the denial of his motion to dismiss on the ground of unreasonable delay by the government. We affirm in part and reverse in part.
 
 I.
 
 5
 On March 8, 1985, Michael Miroyan was arrested by the California Highway Patrol for driving while under the influence of drugs, and subsequently charged for possession and transportation of cocaine and marijuana. Drugs, drug paraphernalia, and $434,097 in cash were discovered in a post-arrest search of Miroyan's 1985 Cadillac Seville and residence.
 
 
 6
 On March 11, 1985, the District Attorney of Santa Cruz County instituted forfeiture proceedings against the $434,097 res pursuant to Cal. Health & Safety Code Ann. Sec. 11470. Accordingly, the case was delivered to the County Treasurer for deposit in an interest-bearing account pending final adjudication of the case. On March 12, 1985, the IRS filed a tax lien in the amount of $665,940 against Miroyan, and subsequently served a notice of levy on the Santa Cruz County Sheriff's Department.
 
 
 7
 A week later, the Drug Enforcement Administration ("DEA") stepped in and, under circumstances which still remain unclear, seized the cash as narcotics-related property subject to forfeiture under 21 U.S.C. Sec. 881. The DEA also seized the 1985 Cadillac Seville from an unknown party in San Jose, Santa Clara County. On August 1, 1985, the United States filed a complaint in the district court for the forfeiture of the cash and the Cadillac. The government subsequently moved for summary judgment. Miroyan filed a motion for declaratory judgment seeking a determination that the IRS's tax lien was superior to the United States' forfeiture claim, but failed to file a timely response to the government's summary judgment motion. On April 22, 1987, the district court granted summary judgment in favor of the government, finding that probable cause existed for the forfeiture of the currency and automobile. The court also denied Miroyan's declaratory judgment motion.
 
 
 8
 On appeal, we affirmed in part, reversed in part, and remanded the case to the district court. United States v. One 1985 Cadillac Seville, 866 F.2d 1142 (9th Cir.1989). We held that the district court had improperly exercised in rem jurisdiction over the cash by assuming jurisdiction over property that was already the subject of state forfeiture proceedings. Id. at 1145-46. The 1985 Cadillac Seville, on the other hand, had not been the subject of any state court order at the time the federal government instituted forfeiture proceedings, and was therefore properly under the jurisdiction of the district court. Id. at 1146. On the merits, we upheld the district court's finding of probable cause for the forfeiture of the Cadillac Seville. Id.
 
 
 9
 On July 10, 1989, the Superior Court dismissed the state in rem action against the cash. On November 20, 1989, the district court dismissed the federal forfeiture complaint without prejudice in accordance with our decision in One 1985 Cadillac Seville, supra.
 
 
 10
 On January 3, 1990, the United States re-filed the forfeiture action against the cash pursuant to 21 U.S.C. Sec. 881, reasserting the factual allegations of the earlier case. Miroyan countered with a motion to dismiss on the grounds that the applicable statute of limitations had run and that there was unreasonable delay between the seizure of the cash and the filing of the forfeiture complaint by the government. At the hearing on January 4, 1991, Miroyan withdrew his statute of limitations argument, and the court subsequently denied his motion to dismiss.
 
 
 11
 On June 26, 1991, the United States moved for summary judgment on two grounds: (1) the res judicata and collateral estoppel effects of the Ninth Circuit opinion in United States v. One 1985 Cadillac Seville, 866 F.2d 1142 (9th Cir.1989), and (2) the undisputed facts demonstrating that there was probable cause to believe that the currency was related to a drug transaction. In response, Miroyan filed a memorandum and a declaration disputing the facts underlying the government's theory of probable cause. Miroyan maintained that the cash was going to be used to finance the construction of a "children's summer computer camp." He also specified the following alleged sources for the $434,097: personal income from 1984, a loan from a business associate, an inheritance from his grandfather, proceeds from the sale of personal property including some paintings, and gambling winnings. In addition, Miroyan filed a supplemental memorandum challenging the constitutionality of the searches of his Cadillac and home.
 
 
 12
 On September 3, 1991, the district court ruled in favor of the government as a matter of law on the ground that Miroyan had already had a "full and fair" opportunity to litigate the issue of probable cause in the previous action. This appeal followed.
 
 II.
 A. Issue Preclusion
 
 13
 Miroyan argues that the district court's finding of probable cause for forfeiture in the first proceeding does not have preclusive effect on this case because we expressly found in One 1985 Cadillac Seville, 866 F.2d at 1145-46, that the district court lacked in rem jurisdiction over the $434,097. The government, on the other hand, argues that in affirming the legality of the forfeiture of the Cadillac Seville, id. at 1146, we upheld the factual basis for the government's current forfeiture proceeding against the cash. The government thus contends that Miroyan cannot be allowed to relitigate an issue that has already been decided against him.
 
 
 14
 We review the application of the doctrine of issue preclusion de novo. Davis & Cox v. Summa Corp., 751 F.2d 1507, 1519 (9th Cir.1985). The doctrine of issue preclusion provides that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana v. United States, 440 U.S. 147, 153 (1979). To be precluded in subsequent actions, the issue must have been " 'actually decided' " after a " 'full and fair opportunity' " to litigate. Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction Sec. 4416, at 138 (1981)).
 
 
 15
 The district court erred in its application of the doctrine of issue preclusion. Whether the government has probable cause for forfeiture of the cash is an issue that has not been decided by a court of competent jurisdiction. In the initial forfeiture proceeding, the district court did find probable cause to forfeit both the Cadillac Seville and the $434,097. But, we reversed as to the cash because the district court lacked in rem jurisdiction. One 1985 Cadillac Seville, 866 F.2d at 1145-46. Because the district court was without jurisdiction to adjudicate the issue of probable cause for forfeiture of the cash, the court's findings of fact cannot have preclusive effect on the present litigation. See Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir.1988) (" 'A judgment that has been vacated, reversed, or set aside on appeal is thereby deprived of all conclusive effect, both as res judicata and as collateral estoppel.' ") (quoting 1B Moore's Federal Practice p 0.416, at 517 (1984)).
 
 
 16
 This does not mean, however, that Miroyan may relitigate any and all issues relating to the seizure and forfeiture of the currency. Miroyan contends, for instance, that because he did not challenge the legality of the underlying searches and seizures of property in his first appeal,[1] the issue was never "actually litigated" and may now be raised in the current proceedings. We disagree.
 
 
 17
 Miroyan misunderstands the requirement that an issue be "actually litigated" in order to have preclusive effect. It is true that he did not contest the constitutionality of the state's searches and seizures of his property in the previous appeal, but the issue was ripe for decision and could have been squarely decided. By failing to raise the issue, Miroyan tacitly conceded that the searches and seizures were proper. The legality of the searches and seizures of property on the night of his arrest was therefore "actually and necessarily litigated" when this court determined that there was probable cause to forfeit the Cadillac. Because the facts underlying the search and seizure of the car are identical to those relating to the seizure of the cash, Miroyan is barred from challenging the constitutionality of the searches and seizures in these proceedings.
 
 
 18
 Miroyan remains free, however, to present facts rebutting the government's prima facie case of probable cause. On remand, he should be permitted to introduce any evidence he may have that the cash was derived from sources other than drug-related transactions. The government's argument that Miroyan's rebuttal evidence is highly implausible can be made to the trier of fact, but it has no place here. Miroyan is entitled to an opportunity to litigate fully and fairly the issue of probable cause for forfeiture of the cash subject to the usual sanctions for abuse of the judicial process.
 
 B. Unreasonable Delay
 
 19
 Miroyan also argues that the district court erred by denying his motion to dismiss on the ground of unreasonable delay by the government. We review de novo whether a delay in the initiation of civil forfeiture proceedings denies due process. United States v. $47,980 in Canadian Currency, 804 F.2d 1085, 1088 (9th Cir.1986), cert. denied, 481 U.S. 1072 (1987).
 
 
 20
 Miroyan argues that the relevant time period is the period between the initial seizure of the currency on March 8, 1985 and the filing of the current forfeiture complaint by the government on January 3, 1990. Thus, according to Miroyan, the delay in bringing the forfeiture proceedings has been nearly four years. This argument is nonsense. The relevant time period is, as the district court held, the six weeks between the district court's dismissal of the government's first complaint on November 20, 1989 and the commencement of the current proceedings on January 3, 1990. Moreover, Miroyan's allegation that the government has been dragging its feet throughout the course of the various proceedings ignores delays caused by litigation. Miroyan's unreasonable delay claim must therefore fail. See, e.g., United States v. $8,850, 461 U.S. 555, 569 (1983) (upholding an eighteen-month delay); $47,980 in Canadian Currency, 804 F.2d at 1088-89 (upholding a fourteen-month delay).
 
 III.
 
 21
 Accordingly, we reverse the district court's holding that the issue of probable cause for forfeiture of the $434,097 had been previously determined in One 1985 Cadillac Seville, 866 F.2d 1142 (9th Cir.1989), and remand the case to allow Miroyan to present evidence that the cash in question was not the product of drug-related transactions. The district court's denial of Miroyan's motion to dismiss due to unreasonable delay is affirmed.
 
 
 22
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Miroyan first challenged the legality of the state's seizure of his property in a supplementary memorandum opposing the government's summary judgment motion on January 9, 1987. The district court, however, struck the supplemental brief as untimely and did not rule on the issue. Miroyan did not pursue the issue in his first appeal. One 1985 Cadillac Seville, 866 F.2d at 1146