NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAGDALENA MARCOS PASCUA, | No. 17-15378 |
| Plaintiff-Appellant, | |
| | D.C. No. 1:16-cv-00016-LEK-KJM |
| v. | |
| | MEMORANDUM* |
| ONEWEST BANK, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted October 23, 2017**

Before:    McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Magdalena Marcos Pascua appeals pro se from the district court's judgment

dismissing her action alleging federal claims arising out foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Arrington v.*

*Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001), and we affirm.

---

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Pascua's action on the basis of the prior exclusive jurisdiction doctrine because Pascua and defendant were involved in a prior, concurrent foreclosure action concerning the same property in state court. *See Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1044 (9th Cir. 2011) ("[W]here parallel state and federal proceedings seek to determine interests in specific property as against the whole world (*in rem*), or where the parties' interests in the property . . . serve as the basis of the jurisdiction for the parallel proceedings (*quasi in rem*), then the doctrine of prior exclusive jurisdiction fully applies." (citations and internal quotation marks omitted)); *see also United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (where a property is already under the in rem jurisdiction of a state court, the federal court must yield to the prior, concurrent state court proceeding).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                17-15378