# United States Court of Appeals
## For the First Circuit

No. 09-9021

IN RE MICHELLE J. HANDY,
Debtor.

CHRISTOPHER PARKER,

Appellant,

v.

MICHELLE J. HANDY,

Appellee.

ON APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

Before

Lynch, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

<u>Stanley Greenberg</u> for appellant.

October 22, 2010

**LYNCH**, **Chief Judge**.  Christopher Parker appeals from a Bankruptcy Appellate Panel (BAP) decision affirming a bankruptcy court order denying his motion for relief from stay.  Parker's objective is to reopen a Maine state court proceeding against Michelle J. Handy brought pursuant to Maine's version of the Uniform Fraudulent Transfer Act (UFTA).  Me. Rev. Stat. tit. 14, § 3571 et seq.  During the state court proceeding, Handy filed for bankruptcy, staying Parker's state action against her.

Parker filed a motion in bankruptcy court for relief from stay.  Handy received discharge during a hearing, which included Parker's motion.  At the time of discharge, Parker had obtained neither a favorable judgment from the state court, nor a lien against Handy's property.  The bankruptcy court held that 11 U.S.C. § 524(a)(2) precludes Parker from pursuing his action against Handy, and the BAP affirmed.  We affirm.

I.

Parker sued Handy in a Maine state district court, alleging that Handy purchased a residence with funds conveyed to her by her ex-husband in violation of the UFTA.  He sought both money damages and the imposition of a constructive trust on the residence.  Parker also filed a lis pendens, but he has abandoned the claim that this created a lien on the residence.  The state court entered judgement for Handy, and Parker timely appealed to

the Maine Supreme Judicial Court. His appeal was stayed when Handy filed for bankruptcy under Chapter 7.

Promulgated in 1984, the UFTA seeks "to protect the debtor's estate from being depleted to the prejudice of the debtor's unsecured creditors." UFTA § 3, cmt. 2; In re Jackson, 459 F.3d 117, 121 n.3 (1st Cir. 2006). It forbids a debtor from making two types of transfers: (1) those "with actual intent to hinder, delay, or defraud any creditor" and (2) those in which the debtor does not receive a "reasonably equivalent value in exchange" in light of his financial circumstances. UFTA § 4(a).

In his state court action, Parker alleged that Handy received funds in a forbidden transfer of the first type. On or about April 10, 2003, Parker obtained a judgment against Handy's ex-husband, Walter Loeman. Parker did not receive payment. He alleged that while Handy and Loeman were still married, Handy purchased a residence with the assistance of $26,410.12 in funds from Loeman. Under the UFTA, the presence of "actual intent" to defraud a creditor may be assessed in light of whether the transfer was to an "insider" like a "relative of the debtor." UFTA §§ 4(b)(1); 1(7)(i)(A).

With his state court appeal stayed, Parker filed a motion in bankruptcy court for relief from stay. Under 11 U.S.C. § 524(a)(2), a discharge from bankruptcy operates as an injunction against in personam claims against a debtor. Parker argued that

-3-

his requested relief in state court included an order of sale of Handy's residence and that "[t]o this extent," his claim against Handy was a claim in rem. He asserted that Handy's discharge in bankruptcy would not affect this in rem claim even though he was an unsecured creditor. Handy filed an objection, arguing that as an unsecured creditor Parker did not hold an in rem claim for purposes of 11 U.S.C. § 524(a)(2).

The bankruptcy court denied Parker's motion. During the course of the proceedings, Handy received a discharge. In an oral decision, the bankruptcy court held that Parker could not proceed against Handy's property because he did not have a claim in rem. It held that Parker had not established an interest in the property by either attachment or a provisional remedy. Parker's request for a constructive trust, it held, did not give rise to a cause of action in rem. The bankruptcy court also held that Parker had failed to object to Handy's invocation of Maine's homestead exemption, and that as an unsecured creditor he could not pursue that exempt property.

The BAP affirmed, rejecting Parker's arguments that (1) he held an in rem claim because he had sought a constructive trust in his state court action, (2) he could pursue his claims post-discharge even though he did not obtain an attachment prior to bankruptcy, and (3) he did not need to object to Handy's homestead claim. As to the first, the BAP reiterated the bankruptcy court's

holding that a constructive trust is a remedy, not a status. As to the second, it held that Parker cited no authority supporting his contention that the Bankruptcy Code allows him to proceed post-discharge. As to the third, the BAP held that Parker could not proceed against the exempt property because he did not possess a claim in rem.

## II.

This court reviews appeals from the BAP under the same standards of review as the BAP reviews appeals from the bankruptcy court.[1] We review the bankruptcy court's legal conclusions de novo and its factual findings for clear error. Fed R. Bankr. P. 7052 cmt. 11; In re Marrama, 430 F.3d 474, 477 (1st Cir. 2005). Parker raises the same purely legal questions before us that he raised before the BAP.

Parker first asserts that his state court action included a cause of action in rem against Handy's residence. He argues that claims under the UFTA sound in rem and that an action that seeks to impose a constructive trust is an in rem action. In making this claim, Parker relies upon Pennoyer v. Neff, 95 U.S. 714 (1877), for the proposition that an action may confer in rem jurisdiction on a court even in the absence of a pre-judgment attachment of the property in question. Id. at 724 (citing Boswell's Lessee v. Otis,

---

[1] Handy has failed to appear or file a brief on appeal. We allowed Parker's attorney to present oral argument, nonetheless.

50 U.S. (9 How.) 336 (1850)).  He cites no Maine law in support of his argument.

In <u>Pennoyer</u>, the Supreme Court held that an action in rem may proceed when the property is brought under the court's control either by "seizure or some equivalent act."  95 U.S. at 727. Subsequent decisions have held that a court may not exercise jurisdiction over an action quasi in rem absent an attachment or garnishment.  <u>Pennington</u> v. <u>Fourth Nat'l Bank</u>, 243 U.S. 269, 272 (1917).  In actions purely in rem, however, it appears that the rule in <u>Pennoyer</u> still applies.  4A Wright & Miller, <u>Federal Practice and Procedure</u> § 1070, at 292 (3d ed. 2002).[2]

It does not follow that Parker has stated a claim in rem. He concedes that he did not obtain a lien, attachment, or provisional remedy.  He does not argue that the state district court exercised control over Handy's residence.  Parker argues only that he can maintain an in rem claim because he requested a constructive trust.

No Maine case supports this argument and our view, like that of the BAP, is that Parker's request for a constructive trust did not of itself give rise to a cause of action in rem. Constructive trusts are not substantive rights that confer a cause of action; they are remedial devices employed by courts once

---

[2]    A preliminary seizure is unnecessary in suits that concern a valid lien.  <u>Roller</u> v. <u>Holly</u>, 176 U.S. 398, 405 (1900).

liability is found and where equity requires. See Yavuz v. 61 MM, Ltd., 576 F.3d 1166, 1176 (10th Cir. 2009); Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 409 (5th Cir. 2004). Without more, Parker cannot transform a request for a remedy in rem into a cause of action in rem. It follows that before Handy's bankruptcy petition, Parker's unsuccessful claims against Handy were only in personam.

Next, Parker asserts that he may pursue his fraudulent conveyance claims post-discharge. He makes two related arguments, one summarily. First, Parker claims that he retains a pre-bankruptcy claim in rem that survives the bankruptcy discharge injunction under 11 U.S.C. § 524. Second, relying on a Massachusetts bankruptcy decision, In re Palumbo, 353 B.R. 37 (Bankr. D. Mass. 2006), Parker claims that an unsecured creditor may pursue a fraudulent conveyance claim against a debtor's property post-discharge consistent with 11 U.S.C. § 524.

Both of these claims fail. Parker's first claim fails because he did not hold an in rem claim pre-discharge. Parker's second claim is not properly before this court. He did not raise it before the bankruptcy court, so he may not raise it on appeal. Fish Mkt. Nominee Corp. v. Pelofsky 72 F.3d 4, 6 (1st Cir. 1995). In any event, this claim is doubly waived because Parker also failed to adequately present it on appeal. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Palumbo does not bind us,

and Parker makes no argument as to why an unsecured creditor may proceed post-discharge consistent with 11 U.S.C. § 524(a)(2).

Finally, Parker asserts that the bankruptcy court erred in holding that he was obliged to object to Handy's claim of a homestead exemption. Because Parker does not possess a claim in rem against Handy's residence, this claim is also not properly before us.

### III.

The judgment of the Bankruptcy Appellate Panel is affirmed.