NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-11-1099-DKiPa |
| | ) | |
| RUBEN MARTINEZ, | ) | Bk. No.   LA 10-25770-ER |
| | ) | |
| Debtor. | ) | Adv. No. LA 10-03133-ER |
| _____ | ) | |
| | ) | |
| RUBEN MARTINEZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| EDWARD H. OLAGUE, SR., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on September 23, 2011
at Pasadena, California

Filed - October 11, 2011

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

Appearances:   Robert Anthony Brown, Esq. appeared for Appellant Ruben Martinez.  Thomas Andrew Fasel, Esq. appeared for Appellee Edward H. Olague, Sr.

Before:  DUNN, KIRSCHER and PAPPAS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtor, Ruben Martinez, appeals the bankruptcy court's order dismissing his complaint against Edward H. Olague, Sr. ("Olague") for an alleged violation of the discharge injunction.[2] We AFFIRM.

**FACTS**

Five years before the debtor's bankruptcy filing, Olague, in his capacity as Edward H. Olague, Sr., Successor Trustee of the Theodosia A. Olague Living Trust, dated April 28, 1998, sold certain real property located in Pico Rivera, California, to Wladimir Klimenko ("Klimenko"). Klimenko executed a promissory note, secured by a trust deed against the real property, in favor of Olague. Under the terms of the promissory note, the entire loan became due and payable if Olague's mother, Theodosia Olague, died or if Klimenko transferred the real property.

Shortly after his mother's death in February 2009, Olague demanded payment of the balance of the loan. However, three years earlier, without Olague's consent, Klimenko had transferred the real property to the debtor. Klimenko then recorded a substitution of trustee and full reconveyance ("full reconveyance") as to the real property, without paying off the loan.

Sometime in late 2009, Olague initiated a state court action

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

2

against Klimenko and the debtor.[3]  Olague alleged in the state court action that Klimenko fraudulently obtained his signature on the full reconveyance and falsely recorded the full reconveyance. He further contended that Klimenko did not disclose to Olague his intent to transfer the real property to Martinez.  Olague also alleged that the debtor had actual and/or constructive knowledge of Olague's secured interest in the real property and/or the full reconveyance.

Olague sought the following relief against the debtor: (1) to quiet title in the real property, with a judgment determining that he had a secured interest in the real property free and clear of any right, title, estate or interest of the debtor; (2) a determination that Olague had a continuing secured interest in the real property through the trust deed; (3) to cancel the full reconveyance, with a declaration that the full reconveyance was void and unenforceable; and (4) an injunction requiring the debtor to cancel the full reconveyance and prohibiting him from enforcing the full reconveyance and from transferring, hypothecating or encumbering the real property.[4]

_____

[3] Olague initiated the state court action against Klimenko in August 2009, adding the debtor as a defendant in November 2009.  Olague named other defendants as well, including the notary public of the full reconveyance and "Does 1 through 500."
Because the debtor was title holder of the real property in which Olague sought to establish a secured interest in the state court action, there is no question that the debtor was a necessary party to that action.

[4] Olague asserted seven causes of action, all of them against Klimenko, but only four of them against the debtor.  The
(continued...)

3

The debtor filed an answer in the state court action.

The debtor filed his chapter 7 petition on April 23, 2010. He listed the real property in his schedules, with only Bank of America holding two secured claims against it. The debtor listed Olague as an unsecured creditor with a contingent, unliquidated and disputed claim in an unknown amount, based on the state court action. The debtor received his discharge on August 18, 2010. Three months after his bankruptcy case closed on August 25, 2010,[5] the debtor removed the state court action to the bankruptcy court ("removed action").[6] He also filed a complaint

_____

[4](...continued)
remaining claims against Klimenko were: (1) breach of contract; (2) breach of fiduciary duty; and (3) fraud.

[5] The debtor moved to reopen his bankruptcy case, but the bankruptcy court neither held a hearing nor entered an order granting the motion to reopen. In its tentative ruling on Olague's motion to dismiss (which it adopted as its final ruling), the bankruptcy court explained that the debtor received "special permission" to remove the state court action and to initiate the adversary proceeding.

[6] The debtor initiated two adversary proceedings: (1) the adversary proceeding involving the discharge injunction complaint ("discharge injunction adversary proceeding")(10-3133-ER) and (2) the adversary proceeding involving the removed action ("removal adversary proceeding")(10-3132-ER). The removal adversary proceeding is not part of this appeal.
Olague filed the motion to dismiss and a motion to remand the removal action ("remand motion") in both adversary proceedings. The bankruptcy court addressed both motions at the hearing on January 25, 2011, in the discharge injunction adversary proceeding.
The bankruptcy court noted in its tentative ruling that it was unclear whether Olague sought dismissal of the removed action or the discharge injunction complaint. The bankruptcy court
(continued...)

4

against Olague for allegedly violating the discharge injunction under § 524 ("discharge injunction complaint").

The debtor asserted in the discharge injunction complaint that Olague had actual knowledge of the debtor's bankruptcy case before he received his discharge. He contended that Olague neither held title to nor had a secured interest in the real property after the full reconveyance was recorded. He asserted that Olague neither objected to entry of the discharge nor pursued an action to except the debt from discharge. The debtor also pointed out that Olague did not file a claim in the bankruptcy case.

He argued that Olague violated the discharge injunction by continuing to prosecute the state court action against him. He claimed that any debt owed to Olague had been discharged, as Olague only held an unsecured claim. The debtor further asserted that he had "the right to reinstate his loan with Bank of

---

[6](...continued)
pointed out that Olague listed in his motion to dismiss the number for the discharge injunction adversary proceeding. It further noted that Olague referred to the discharge injunction complaint in the motion to dismiss and argued that he had not violated the discharge injunction. The bankruptcy court thus concluded that Olague sought dismissal of the discharge injunction complaint.

The bankruptcy court ultimately found that the state court action did not violate the discharge injunction, as the state court action did not seek personal liability against the debtor. It concluded that because the state court action did not violate the discharge injunction, there was no reason to maintain the removed action as it involved state law issues only. The bankruptcy court thus granted the remand motion. It entered two separate orders on the motion to dismiss and the remand motion in both adversary proceedings.

5

America[,] free and clear of any purported lien [held] by Olague." He argued that Olague was interfering with the debtor's right to reinstate his loan by continuing to proceed with the state court action against him.

The debtor sought a determination that Olague was in contempt under § 105 for violating the discharge injunction. He also sought to enjoin Olague permanently from prosecuting the state court action. The debtor sought monetary "civil sanctions" against Olague, as well as attorney's fees and costs.

Olague moved to dismiss the discharge injunction complaint under Civil Rule 12(b)(6).[7] He stressed that he was not attempting to collect a debt as a personal liability of the debtor, but as a personal liability of Klimenko only. Olague claimed he simply sought a determination as to his interest in the real property.

He argued that a bankruptcy discharge does not prohibit a creditor from pursuing in rem claims against real property. Olague contended that the discharge injunction complaint failed to state a claim upon which relief could be granted because all the claims for relief against the debtor in the state court action were in rem claims.[8]

---

[7] Civil Rule 12(b)(6) is applicable through Rule 7012(b).

[8] Olague also moved to dismiss the discharge injunction complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. The bankruptcy court denied the motion to dismiss to the extent Olague sought dismissal under Rule 12(b)(1), as the discharge injunction complaint clearly involved issues of bankruptcy law. Neither the debtor nor Olague appealed the bankruptcy court's determination on this issue.

6

The debtor opposed the motion to dismiss, asserting that Olague had an unsecured claim on which the debtor's personal liability was discharged. The debtor pointed out that Olague neither objected to entry of the discharge nor sought to except any debt from discharge. He further contended that Olague sought to create a security interest in the real property through the state court action, as he never held a security interest in the real property in the first place. Because Olague did not have a secured claim but an unsecured claim, the debtor contended, he could not proceed with the state court action against the debtor after entry of the discharge.

The debtor further argued that the claims in the state court action sought "personal relief" against him. Specifically, the debtor contended that claims against him were personal in nature because they negatively affected his rights to and interest in the real property. Because the state court action sought to quiet title to the real property as to the debtor, it was not an in rem action.

The debtor also argued that, even assuming Olague was a secured creditor, the exception under § 524(j) did not apply. Section 524(j) provides that the injunction would not prohibit a secured creditor's post-discharge act if: (1) that secured creditor had a security interest in the debtor's residence; (2) the act was in the ordinary course of business between the secured creditor and the debtor; and (3) the act was limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien. Here, the debtor contended, Olague was not a secured

7

creditor, and the real property was not the debtor's home. The debtor moreover pointed out that Olague conducted business with Klimenko, not with him. Also, the debtor argued, Olague was not seeking periodic payments from the debtor because the debt matured prepetition.

The debtor further contended that Olague could not assert claims against him because he was a bona fide purchaser for value. The debtor argued that he was an "innocent purchaser" – even Olague had not alleged in the state court action that the debtor actually knew of the unauthorized reconveyance. Olague instead alleged that the debtor had actual or constructive knowledge of Olague's interest in the real property. The debtor contended that Olague thus cannot prevail in the state court action against him because he cannot prove that the debtor actually knew of the unauthorized full reconveyance.

The bankruptcy court held a hearing on the motion to dismiss on January 25, 2011. Before the hearing, it issued a tentative ruling indicating that it would dismiss the discharge injunction complaint with prejudice under Civil Rule 12(b)(6). The bankruptcy court found that the state court action did not "seek personal liability against [the] Debtor, but only [sought] a determination of [Olague's] secured status with respect to the [real property]." It pointed out that the debtor was a party to the state court action because he was the record owner of the real property, which might become subject to Olague's lien. The bankruptcy court reasoned that if Olague prevailed in the state court action, he would obtain a lien against the real property and possibly damages against Klimenko but not against the debtor.

8

It thus concluded that the state court action did not violate the discharge injunction under § 524(a)(2).

The bankruptcy court further determined that Olague's continued pursuit of the state court action could not have violated the discharge injunction at any rate because he did not have any unsecured claim against the debtor. Even though the debtor scheduled Olague as an unsecured creditor, Olague did not have an unsecured claim, given the claims asserted against the debtor in the state court action.

The bankruptcy court further found that the debtor's arguments regarding his bona fide purchaser for value status were irrelevant to whether the state court action violated the discharge injunction. Even if the debtor successfully demonstrated that he was a bona fide purchaser for value, "it would not result in a [determination] that the state court action violated the discharge injunction." The bankruptcy court acknowledged, however, that the debtor could pursue his bona fide purchaser status argument in state court.

The bankruptcy court told counsel for the debtor at the hearing that the state court action claims were "all in rem [as they had] to do with [the real] property." Tr. of January 25, 2011 hr'g, 6:3. The debtor, it found, "put himself on the chain of possession of the [real] property. And to the extent that the state court [was] going to go back and re-vest that property and title into some other entity, then the Debtor [was] not going to face personal liability. He may face . . . a declaratory judgment that state[d] what his interest in the [real] property [was] or would be." Tr. of January 25, 2011 hr'g, 6:3-9.

9

The bankruptcy court granted the motion to dismiss, entering an order ("dismissal order") consistent with its tentative ruling. The debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err in granting the motion to dismiss by determining that Olague did not violate the discharge injunction?

**STANDARDS OF REVIEW**

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. Movsesian v. Victoria Versicherung AG, 629 F.3d 901, 905 (9th Cir. 2010). De novo means we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). "When ruling on a motion to dismiss, we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Movsesian, 629 F.3d at 905 (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)(quotation marks omitted)). To survive a motion to dismiss, the complaint must state sufficient facts to state a

10

claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The "plausibility standard . . . asks for more than the sheer possibility that a defendant acted unlawfully." Iqbal, 129 S. Ct. at 1949.

The applicability of the discharge injunction is a question of law that we review de novo. Watson v. Shandell (In re Watson), 192 B.R. 739, 745 (9th Cir. BAP 1996).

We may affirm on any ground supported by the record. Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

**DISCUSSION**

The issue, as the bankruptcy court succinctly put it, is whether Olague's "pursuit of the [state court action] violate[d] the discharge injunction set forth [under] § 524(a)(2)." On appeal, the debtor essentially repeats the arguments he made in his opposition to the motion to dismiss.

Section 524(a)(2) provides that a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor, whether or not such discharge of such debt is waived[.]" The bankruptcy discharge "extinguishes only one mode of enforcing a claim – namely, an action against the debtor in personam – while leaving intact another – namely, an action against the debtor in rem." Johnson v. Home State Bank, 501 U.S. 78, 84 (1991).

An action in rem is one "determining the title to property and the rights of the parties, not merely among themselves, but

11

also against all persons at any time claiming an interest in that property." Black's Law Dictionary 34 (9th ed. 2009). A quasi in rem action is one "brought against the defendant personally, with jurisdiction based on an interest in property, the objective being to deal with the particular property or to subject the property to the discharge of the claims asserted." Id. Quiet title actions are proceedings in rem. 40235 Washington Street Corp. v. Lusardi, 976 F.2d 587, 589 (9th Cir. 1992). See also Park v. Powers, 2 Cal.2d 590, 598 (Cal. 1935)("Actions relating to land, such as suits to quiet title, are denominated quasi-in-rem.").

Reviewing the state court action, we agree with the bankruptcy court that Olague did not seek to recover or collect on a debt as the debtor's personal liability. As the bankruptcy court noted, all of the claims asserted against the debtor in the state court action essentially seek to establish Olague's secured interest in the real property.

The debtor characterizes Olague's quiet title action as an attempt to collect on a debt as his personal liability, viewing it as a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . . ." under § 101(5)(B).

Nothing in Olague's state court action sought the debtor's personal liability on a right to payment. See generally Egebjerg v. Anderson (In re Egebjerg), 574 F.3d 1045, 1049 (9th Cir. 2009)("In the Bankruptcy Code, the term 'debt' means 'liability on a claim.' 'Claim' is defined very broadly within the [Bankruptcy] Code to mean any 'right to payment' . . . . The

12

terms 'debt' and 'claim' are coextensive, 'flip sides to the same coin.'")(internal citations omitted).  Olague is not seeking a right to payment of any kind from the debtor; he simply wishes to assert his interest in the real property.  The discharge injunction thus does not bar such an action against the debtor.[9]

Also, contrary to the debtor's argument, Olague was not an unsecured creditor.  We agree with the bankruptcy court that Olague does not have an unsecured claim based on the claims asserted in the state court action, as they do not seek a right to payment on a debt as to the debtor.

The debtor further argues that Olague's quiet title claims are in personam, relying on Parker v. Handy (In re Handy), 624 F.3d 19 (1st Cir. 2010), in support of his argument.

At the outset, we note that Parker concerned a constructive trust claim to pursue an alleged fraudulent transfer of funds, rather than a quiet title action.  In Parker, the appellant initiated a state court action against the debtor, alleging that the debtor purchased a home with funds conveyed to her by her ex-husband in violation of the Uniform Fraudulent Transfer Act ("UFTA").  The appellant sought money damages and the imposition of a constructive trust on the home.  When the appellant appealed

---

[9] Under the Bankruptcy Code, the term "claim" is broad enough to encompass an equitable remedy "for breach of performance," but only "if such breach gives rise to a right to payment."  Section 101(5)(B).  "[R]ights to an equitable remedy for a breach of performance with respect to which such breach does not give rise to a right to payment are not 'claims' and would therefore not be susceptible to discharge in bankruptcy." H.R. Rep. No. 95-595, at 435 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6437.

13

the state court's judgment in the debtor's favor, the debtor filed for bankruptcy. The appellant then moved for relief from stay, which the bankruptcy court denied because he did not have a claim in rem. Id. at 21. The bankruptcy court held that the appellant had not established an interest in the debtor's home by attachment or a provisional remedy. Id. The appellant's request for a constructive trust did not give rise to an in rem action. Id.

The First Circuit affirmed, determining that simply seeking a constructive trust "did not of itself give rise to an in rem action." Id. at 22. Constructive trusts are not substantive rights that confer a cause of action, the First Circuit continued, but are remedial devices used by courts once liability is found and where equity requires. Id. The First Circuit thus concluded that the appellant's claims against the debtor were in personam. Id.

The debtor misapprehends the nature of in rem/quasi in rem actions. He construes Olague's quiet title claims as remedial devices under Parker. He argues that Olague neither held title to the real property nor obtained any provisional relief in state court. Appellant's Opening Brief at 10. But as we mentioned earlier, quiet title actions are in rem actions. See Lusardi, 976 F.2d at 589; Park, 2 Cal.2d at 598.

Moreover, contrary to the debtor's argument, Olague did not need to have title to the real property nor obtain provisional relief in order to assert a quiet title claim against the debtor. The purpose of a quiet title action is to establish a party's right and/or title to real property. See Peterson v. Gibbs,

14

81 P. 121, 122-23 (Cal. 1905)("The object of the [quiet title] action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to."). Olague is attempting to establish a secured interest to the real property by compelling the debtor to recognize his claim to it. He does not need to obtain provisional relief first before asserting his quiet title claim against the debtor.

Finally, the debtor's arguments as to the application of the exception under § 524(j) and his status as a bona fide purchaser for value are irrelevant to a determination of whether Olague violated the discharge injunction. With respect to his argument under § 524(j), this exception does not apply because Olague is not seeking to enforce a right to payment on a debt.

As to the debtor's assertions regarding his bona fide purchaser status, we agree with the bankruptcy court that it has no bearing as to whether Olague violated the discharge injunction. Even if the debtor was a bona fide purchaser of the real property for value, it would not demonstrate that the state court action sought to collect or recover a debt as the debtor's personal liability in violation of § 524(a)(2). If the debtor establishes his bona fide purchaser status, that may entitle him to prevail on Olague's claims in the state court action, but it has nothing to do with any alleged violation of the discharge injunction.

///

///

15

**CONCLUSION**

The debtor has not shown how Olague's state court action violated the discharge injunction under § 524(a)(2).  The bankruptcy court thus did not err in dismissing the debtor's discharge injunction complaint for failure to state a claim upon which relief can be granted under Civil Rule 12(b)(6). Accordingly, we AFFIRM.

16