**40235 WASHINGTON STREET CORP.,**
Plaintiff–Appellant,

v.

**W.C. LUSARDI, et al., Defendants–**
Appellees.

No. 91–55743.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 21, 1992.

Decided Oct. 5, 1992.

Jeffry A. Davis, Gray, Cary, Ames & Frye, San Diego, Cal., for plaintiff-appellant.

L. Scott Keehn, Robbins & Keehan, San Diego, Cal., for defendants-appellees.

Before: NORRIS, REINHARDT, and TROTT, Circuit Judges.

PER CURIAM:

Washington Street Corporation ("WSC") appeals from the district court's order dismissing its complaint and, in the alternative, staying the federal proceeding in favor of a parallel state court action involving identical issues. We affirm.

## BACKGROUND

WSC was created on February 20, 1990. On or about February 28, it purchased an apartment complex in Palm Desert, California, and a second parcel of real property located on the same lot. The following day, it filed a Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of California. On March 5, 1990, the Riverside County tax collector sold the apartment complex to W.C. Lusardi, and the other property to Linda Chen–Mei Hwang. On May 15, 1990, the bankruptcy court dismissed WSC's bankruptcy petition.

Lusardi filed a quiet title action in Riverside County Superior Court on June 20, 1990, to compel WSC to turn over the property. The state court appointed a receiver to operate and manage the apartments in an order dated November 16, 1990.

On October 25, 1990, WSC filed this complaint in federal district court seeking a declaration that the tax sale to Lusardi was void *ab initio* because WSC was entitled to an automatic stay of all collection efforts and foreclosure actions pursuant to WSC's bankruptcy petition and 11 U.S.C. § 362(a). WSC also sought to quiet title to the property. On April 22, 1991, the district court dismissed WSC's complaint for failure to state a claim upon which relief could be granted, and in the alternative, granted Lusardi's request to stay the federal proceedings in favor of the pending state litigation. WSC filed this timely appeal.

## DISCUSSION

Because we conclude that the district court properly stayed the federal proceeding in favor of the state court quiet title action, we do not reach WSC's argument that the tax sale of the property was void *ab initio* under the automatic stay provision of the Bankruptcy Code.[1]

■ The federal district courts ordinarily must apply the test outlined in *Colorado*

*River Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), in determining whether to stay federal proceedings in favor of pending state court proceedings concerning the same subject matter. In declaratory relief cases, however, the test set forth in *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), applies. *See Continental Casualty Co. v. Robsac Indus.,* 947 F.2d 1367, 1369 (9th Cir.1991); *see also Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1367 (9th Cir.1991). Here, WSC's complaint contains one count in which it seeks relief on the merits and one in which it seeks declaratory relief. Thus, WSC does not merely seek an interpretation of federal law; rather, it also seeks a remedy under federal law. Moreover, both counts involve the same potentially dispositive issue—the alleged violation of the automatic stay provision. We conclude that *Colorado River,* not *Brillhart,* is applicable in such circumstances.

In *Colorado River,* the Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a *res;* (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246–47; *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir.1989). In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties. *Moses H. Cone,* 460 U.S. 1, 24, 27, 103 S.Ct. 927, 941, 943, 74 L.Ed.2d 765 (1983); *Nakash,* 882 F.2d at 1415. We review the district court's application of the *Colorado River*

---

1. We note that in concluding that the tax sale of the property was not void *ab initio,* but only voidable pursuant to 11 U.S.C. § 549(d), the district court relied on a ruling by the Bankruptcy Appellate Panel, *In re Schwartz,* 119 B.R. 207 (9th Cir. BAP 1990), which has since been reversed, *In re Schwartz,* 954 F.2d 569, 574 (9th Cir.1992). We express no view on the merits of the district court's holding or on the effect of our decision in *In re Schwartz* on that holding.

factors for abuse of discretion. *See Nakash,* 882 F.2d at 1413.

■ Here, the first prong of the *Colorado River* abstention test is dispositive. In proceedings *in rem* or *quasi in rem,* the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed. *Colorado River,* 424 U.S. at 819, 96 S.Ct. at 1247; *Donovan v. City of Dallas,* 377 U.S. 408, 411, 84 S.Ct. 1579, 1581–82, 12 L.Ed.2d 409 (1964). A quiet title action is a proceeding *in rem.* 2 B.E. Witkin, California Procedure, *Jurisdiction* § 180 (3d ed. 1985). Accordingly, under *Colorado River,* the district court was required to stay the federal quiet title action because the state court, in Lusardi's quiet title action, was the first court to exercise jurisdiction over the disputed property.

■ WSC concedes that abstention was required with respect to its quiet title cause of action under *Colorado River,* but argues that abstention was nonetheless inappropriate with respect to its declaratory relief claim because that claim turns on an issue of federal law. We reject the suggestion that where a merits claim and a declaratory relief claim are combined in one action a different abstention inquiry is required for each claim. Such a rule would increase, not decrease, the likelihood of piecemeal adjudication or duplicative litigation, and thus would undermine both the *Colorado River* and *Brillhart* doctrines. *See Colorado River,* 424 U.S. at 818–20, 96 S.Ct. at 1247–48; *Robsac,* 947 F.2d at 1373. What matters in such circumstances is the nature of the issues involved. Here, both causes of action involve the same question—whether the automatic stay provision was violated. We hold that in such circumstances, where abstention is required with respect to the merits claim it is required with respect to the declaratory relief claim as well. The federal question raised in the declaratory relief claim can be answered in the state court proceeding on the merits. There is no justification here for the simultaneous prosecution of lawsuits in two different fora. Thus, we affirm the district court's abstention holding on both counts. In light of that ruling, we vacate the district court's alternate holding on the merits.

AFFIRMED IN PART AND VACATED IN PART.