**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

SCOTT D. SEXTON; SONIA L.
SEXTON,

       *Plaintiffs-Appellants*,

v.

NDEX WEST, LLC; ONEWEST
BANK, FSB; STEWART TITLE
GUARANTY COMPANY,

       *Defendants-Appellees*.

</td><td>

No. 11-17432

D.C. No.
3:11-cv-00440-
LRH-VPC

OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 12, 2013[*]
San Francisco, California

Filed April 12, 2013

Before: J. Clifford Wallace, M. Margaret McKeown,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Ikuta

---

[*] The panel unanimously concludes that this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Jurisdiction

The panel affirmed the district court's summary judgment entered in favor of parties associated with the loan and deed of trust in an action, alleging wrongful foreclosure and related claims, that was removed from state court based on diversity jurisdiction.

The panel rejected appellants' claims that the district court should have remanded the action *sua sponte* to state court under two different prudential rules. The panel held that the doctrine of prior exclusive jurisdiction is inapplicable because the state court did not retain jurisdiction over the appellants' property. The panel also held that the *Colorado River* abstention doctrine is inapplicable because appellants have not shown that any state proceeding relating to their house is pending concurrently with federal proceedings.

### COUNSEL

Terry J. Thomas, Reno, Nevada, for Plaintiffs-Appellants.

Michael R. Brooks, Brooks Bauer LLP, Las Vegas, Nevada, for Defendants-Appellees NDEX West, LLC and OneWest Bank, FSB.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Douglas D. Gerrard, Gerrard Cox Larsen, Henderson, Nevada, for Defendant-Appellee Stewart Title Guaranty Company.

## OPINION

IKUTA, Circuit Judge:

Scott and Sonia Sexton appeal from the district court's summary judgment in favor of NDEX West, LLC, OneWest Bank, FSB, and Stewart Title Guaranty Company in an action alleging wrongful foreclosure and related claims that the defendants had removed to federal court. The Sextons argue that under the "prior exclusive jurisdiction" doctrine, *see Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), or under the *Colorado River* abstention doctrine, *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976), the district court should have remanded *sua sponte.* Because neither doctrine applies here, we affirm.

## I

Scott and Sonia Sexton bought a home in Reno, Nevada, in April 2007, and financed the purchase with a loan of $752,000 from IndyMac Bank, secured by a deed of trust on the home. The original deed of trust identified IndyMac Bank as the lender, Stewart Title as the trustee, and Mortgage Electronic Registration Systems (MERS) as the beneficiary, serving solely as nominee for IndyMac. In August 2010, after the Sextons had fallen behind in their loan payments, an agent for the trustee sent the Sextons a notice of breach and election to sell the house under the deed of trust, pursuant to

Nevada's statutory provisions governing non-judicial foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080.

After mediation to avoid foreclosure failed, the Sextons filed a complaint in Nevada state court against various parties associated with the loan and deed of trust.[1] In their complaint, the Sextons alleged wrongful foreclosure, debt collection violations, unfair lending practices, unfair and deceptive trade practices, violation of the covenant of good faith and fair dealing, fraud in the inducement, slander of title, and abuse of process. They sought to quiet title and requested other forms of equitable relief under Nevada law. Along with their lawsuit, they filed a notice of lis pendens to halt the foreclosure process.

The defendants removed the action to federal court on diversity grounds under 28 U.S.C. § 1441.[2] The Sextons did not contest that the requirements for diversity jurisdiction were satisfied. The defendants moved to dismiss the Sextons' action for failure to state a claim, and NDEX West and OneWest also moved to expunge the Sextons' lis pendens so that they could proceed with foreclosure. The district court

---

[1] Specifically, the Sextons sued IndyMac (the original lender), OneWest (the agent of the new beneficiary, Deutsche Bank), Stewart Title (the original trustee), NDEX West (the new trustee) among other parties.

[2] 28 U.S.C. §§ 1441(a) and (b) provide that a civil action brought in a state court may be removed by the defendant to federal court on the basis of diversity of citizenship.

granted NDEX West, OneWest Bank, and Stewart Title's motions to dismiss, which the Sextons timely appealed.[3]

We have jurisdiction under 28 U.S.C. § 1291. We review determinations regarding federal subject-matter jurisdiction de novo, and factual findings underlying those determinations for clear error. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

## II

On appeal, the Sextons argue that the district court should have remanded the action *sua sponte* to state court under two different prudential rules directing federal courts to abstain from adjudicating actions involving property that is the subject of concurrent state proceedings: (1) the prior exclusive jurisdiction doctrine, and (2) the *Colorado River* abstention doctrine. We consider each in turn.

## A

Under the Supreme Court's long-standing prior exclusive jurisdiction doctrine, if a state or federal court "'has taken possession of property, or by its procedure has obtained jurisdiction over the same,'" then the property under that court's jurisdiction "'is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereign.'" *State Engineer v. S. Fork Band of Te-Moak*

---

[3] In May 2012, the district court granted NDEX West and OneWest Bank's motion to expunge the Sextons' lis pendens, and in August 2012, dismissed the Sextons' action with respect to IndyMac and the other defendants named in the complaint for failure to effect proper service.

*Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003) (emphasis omitted) (quoting *Palmer v. Texas*, 212 U.S. 118, 125 (1909)).  That is, when "one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res.*"  *Chapman*, 651 F.3d at 1043 (internal quotation marks omitted).[4]    As we have explained, "[t]he purpose of the rule is the maintenance of comity between courts; such harmony is especially compromised by state and federal judicial systems attempting to assert concurrent control over the res upon which jurisdiction of each depends."  *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).[5]

---

[4] Cases discussing the prior exclusive jurisdiction doctrine tend to lapse into Latin.  We therefore clarify that when property is the main subject of a lawsuit, a court's exercise of jurisdiction over the property in that lawsuit may be termed "in rem" jurisdiction, and the property at issue may be termed the "res." *See* Black's Law Dictionary 864, 1420 (9th ed. 2009) (in Latin, "in rem" means "against a thing," and "res" means "thing").

[5] Although we have described the prior exclusive jurisdiction rule as both a "rule of comity" and as a rule of subject-matter jurisdiction, *see Chapman*, 651 F.3d at 1044, the doctrine is judge-made, not statutory. *One 1985 Cadillac Seville*, 866 F.2d at 1145 (citing *Penn Gen.*, 294 U.S. at 195).  Because the Supreme Court has recently "clarified that court-promulgated rules are not jurisdictional" and "'[o]nly Congress may determine a lower federal court's subject-matter jurisdiction,'" *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 n.2 (9th Cir. 2008) (quoting *Bowles v. Russell*, 551 U.S. 205, 217 (2007)), the doctrine of prior exclusive jurisdiction is now best understood as a prudential (although mandatory) common law rule of judicial abstention. *See One 1985 Cadillac Seville*, 866 F.2d at 1145; *accord Penn Gen.*, 294 U.S. at 195; *In re Simon*, 153 F.3d 991, 996 (9th Cir. 1998); *Metro. Fin. Corp. of Cal. v. Wood*, 175 F.2d 209, 210 (9th Cir. 1949).

Relying on this doctrine, the Sextons claim that because they filed a complaint in state court challenging the defendants' efforts to continue with foreclosure proceedings, the state court obtained *in rem* jurisdiction over their home (the *res* in this case), and the district court was "precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction," *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922). Accordingly, the Sextons argue, the district court had to remand the action even though the defendants met the requirements for removal. The scope of the Sextons' proposed rule is sweeping: in effect, it would prevent federal courts from exercising diversity jurisdiction over any *in rem* case removed to a district court.

The Sextons' argument, however, is squarely foreclosed by our case law. The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding. *See, e.g.*, *Chapman*, 651 F.3d at 1042; *One 1985 Cadillac Seville*, 866 F.2d at 1144–45.[6] Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins. *See* 28 U.S.C. § 1446(d) ("after the filing of [a] notice of removal . . . the State court shall proceed no further unless and until the case is remanded."); *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994). Because the state court did not retain jurisdiction over

---

[6] Of course, the same rule would apply to a state court if a federal court were the first to assert jurisdiction over the property. *See United States v. Alpine Land & Reservoir Co.*, 174 F.3d 1007, 1012–14 (9th Cir. 1999).

the Sextons' property, the doctrine of prior exclusive jurisdiction is inapplicable.

To avoid this conclusion, the Sextons contend that *State Engineer* held that the prior exclusive jurisdiction rule applies to litigation in federal court even where the state court is not concurrently considering an action involving the same property. We disagree, because *State Engineer* did in fact involve concurrent state and federal actions. In *State Engineer*, the State of Nevada brought a contempt proceeding against an Indian tribe to enforce a water-rights decree in Nevada's Sixth Judicial District Court, which had exercised jurisdiction over that decree for seventy years. *See* 339 F.3d at 807–08. After the federal government was joined as a defendant, it removed the action to federal court under 28 U.S.C. § 1442. *See id.* at 808. The district court remanded the case to state court, and the defendants appealed. We affirmed the district court's remand under the prior exclusive jurisdiction doctrine, explaining that the state court had continuing jurisdiction over the water-rights decree that was the basis of the contempt action at issue, and the action before the district court arose from enforcement of the same water-rights decree. *See id.* at 811. We noted that absent a remand, the district court "hearing the second suit" would disturb the state court's jurisdiction over the property (i.e., the river and tributaries to which the decree applied). *See id.* Accordingly, *State Engineer* does not support the Sextons' argument.

**B**

Although the prior exclusive jurisdiction doctrine is not applicable here, the Sextons nevertheless argue that the *Colorado River* abstention doctrine prevents the district court

from asserting jurisdiction over the complaint. *See* 424 U.S. at 818. We also reject this argument. In *Colorado River*, the Supreme Court reviewed its precedent and derived a list of factors that weighed in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id*. Specifically, federal courts should consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818). Relevant here, the Supreme Court derived the first factor from cases applying the prior exclusive jurisdiction doctrine. *See Colorado River*, 424 U.S. at 818 (collecting cases).

Consistent with those principles, we have held that where there are "pending state court proceedings" involving a single property, the first *Colorado River* factor bars us from exercising jurisdiction over that property because "the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *Lusardi*, 976 F.2d at 588–89; *see also id.* at 589 (holding that when the first *Colorado River* factor is applicable, it is "dispositive," and consideration of the other factors is unnecessary). Conversely, as with prior exclusive jurisdiction, *Colorado River* abstention does not apply absent "pending state court proceedings" involving the same property. *Cf. id.*; *see also Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991).

Because the Sextons have not shown that any state proceeding relating to their house is pending concurrently with federal proceedings, the *Colorado River* abstention doctrine is not implicated any more than the prior exclusive

jurisdiction doctrine. Accordingly, we reject the Sextons' *Colorado River* abstention claim as well.

**AFFIRMED.**