**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE P. CHAPMAN, Jr.; BRENDA J. GULLY CHAPMAN,<br><br>             Plaintiffs - Appellants,<br><br>  v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, a German national corporation; NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; HOMEQ SERVICING CORPORATION, a California corporation,<br><br>             Defendants - Appellees. | No. 10-15215<br><br>D.C. No. 3:09-cv-00228-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.[**]

Plaintiffs-Appellants argue that because of the prior exclusive jurisdiction doctrine the district court lacked subject matter jurisdiction over this quiet title action (the Quiet Title Action). The prior exclusive jurisdiction doctrine holds that when one court is exercising *in rem* or *quasi in rem* jurisdiction over a *res*, a second court may not assume *in rem* or *quasi in rem* jurisdiction over the same *res*. *Chapman v. Deutsche Bank Nat'l Trust Co.* (*Chapman I*), 651 F.3d 1039, 1043–44 (9th Cir. 2011) (per curiam).

Approximately three months before Plaintiffs-Appellants filed this Quiet Title Action, Deutsche Bank, a Defendant-Appellant in this case, initiated unlawful detainer proceedings (the Unlawful Detainer Action) against Plaintiffs-Appellants in the Reno Justice Court of the State of Nevada.

In an Order filed June 23, 2011, we determined that "if both the Quiet Title Action and the Unlawful Detainer Action are characterized as *in rem* or *quasi in rem*, the prior exclusive jurisdiction doctrine requires us to vacate the District Court's dismissal of the Quiet Title Action." *Id.* at 1048. Finding ourselves unable to determine whether Nevada law characterizes quiet title actions and unlawful

---

[**] The Honorable Amy J. St. Eve, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

detainer actions as proceedings *in personam*, *in rem*, or *quasi in rem*, however, we certified those questions to the Nevada Supreme Court. *Id.* The Nevada Supreme Court filed an opinion on May 30, 2013, answering our certified questions and concluding that Nevada law characterizes quiet title actions and unlawful detainer actions as proceedings *in rem* or *quasi in rem*. *Chapman v. Deutsche Bank Nat'l Trust Co.* (*Chapman II*), 129 Nev. Adv. Op. 34, 2013 WL 2364178, at *5 (Nev. May 30, 2013).

Because the Nevada State Justice Court exercised jurisdiction over the Unlawful Detainer Action before the federal court exercised jurisdiction over the Quiet Title Action, and both actions are *in rem* or *quasi in rem*, "the doctrine of prior exclusive jurisdiction fully applies." *Chapman I*, 651 F.3d at 1044 (citations and internal quotation marks omitted). Under the doctrine of prior exclusive jurisdiction, "it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the state court's prior exercise of jurisdiction, and any decision on the merits must be vacated." *Id.* at 1044 n.1.

Accordingly, we vacate the district court's Order dismissing Plaintiffs-Appellants' complaint for failure to state a claim, because the court lacked jurisdiction to enter it, *see State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 810–11 (9th Cir. 2003), and remand to the district

3

court to determine whether or not parallel state proceedings remain pending. *See Weiner v. Shearson, Hammill & Co., Inc.*, 521 F.2d 817, 822 (9th Cir. 1975). If the Unlawful Detainer Action remains pending, the Quiet Title Action should be dismissed for lack of subject matter jurisdiction over the *res*. *Knaefler v. Mack*, 680 F.2d 671, 675 (9th Cir. 1982). If the state action has terminated, the district court may elect to proceed with the instant action.

**VACATED AND REMANDED.**