**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CAROLINE J. KARL, | No. 11-17941 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00473-RCJ-VPC |
| v. | |
| QUALITY LOAN SERVICE CORP.; et al., | MEMORANDUM[*] |
| Defendant - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

Before: GRABER and NGUYEN, Circuit Judges, and DEARIE, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Raymond J. Dearie, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Plaintiff Caroline J. Karl appeals the district court's denial of her motion to remand this quiet title action to Nevada state court. Reviewing de novo, Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011) (per curiam), we affirm.

The district court properly exercised its removal jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(b). The appeal therefore hinges on whether, despite its proper exercise of removal jurisdiction, the district court was nevertheless required to abstain from hearing Karl's action and remand the proceedings to state court in accordance with either the doctrine of prior exclusive jurisdiction or the abstention doctrine set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). See Chapman, 651 F.3d at 1043-44; 40235 Wash. St. Corp. v. Lusardi, 976 F.2d 587, 588 (9th Cir. 1992) (per curiam). That issue does not depend on the Nevada Supreme Court's resolution of the question we certified in Chapman: whether an action to quiet title is properly characterized as in personam, in rem or quasi in rem. See Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1108 (Nev. 2013). Rather, the issue depends on whether the doctrine of prior exclusive jurisdiction or Colorado River abstention even applies when a single in rem or quasi in rem action is properly removed and no other parallel state

court proceeding exists in which the state court has exercised jurisdiction over the res.

We recently answered that question in the negative.  Sexton v. NDEX W., LLC, 713 F.3d 533, 537-38 (9th Cir. 2013).  "The doctrine of prior exclusive jurisdiction applies to a federal court's jurisdiction over property only if a state court has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding.  Where, as here, the defendant appropriately removes the case to federal court, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins."  Id. at 537 (citations omitted).  "[A]s with prior exclusive jurisdiction, Colorado River abstention does not apply absent 'pending state court proceedings' involving the same property."  Id. at 538 (quoting Lusardi, 976 F.2d at 588).  Sexton controls the result here.

**AFFIRMED.**