An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LOUIS VIGNOLA, INDIVIDUALLY;
TAMARA HARLESS, AS SPECIAL
ADMINISTRATOR FOR THE ESTATE
OF NANCY MARIE OUELLET; LOUIS
VIGNOLA, AS GUARDIAN AD LITEM
FOR CAROLYN VIGNOLA; AND LOUIS
VIGNOLA, AS GUARDIAN AD LITEM
FOR GABRIEL VIGNOLA,
Appellants,
vs.
CHARLES ALFRED GILMAN, JR.,
Respondent.

No. 61636

FILED

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a personal injury action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Appellants instituted a tort action against respondent and his insurers in the Eighth Judicial District Court and the insurers removed that action to federal court. Thereafter, appellants filed a second action against respondent in the Eighth Judicial District Court that was substantially identical to the first action, except that it did not include the insurers. While the federal action proceeded apace, respondent moved to dismiss the state court case, arguing that the removal of the prior case divested the Nevada courts of subject matter jurisdiction. The district granted the motion to dismiss and this appeal followed.

On appeal, appellants argue that dismissal was improper because concurrent actions may proceed in two separate court systems with concurrent jurisdiction. Respondent disagrees, arguing that the

14-41640

removal of the first action divested the state court of subject matter jurisdiction over the second action because the cases are virtually identical, and that state and federal courts cannot exercise concurrent jurisdiction because the second court's exercise of jurisdiction interferes with the first court's jurisdiction over the case.

With regard to whether the removal of the initial action divests Nevada courts of jurisdiction over the second matter, respondent's effort to refute appellants' argument that dismissal on this basis was improper rises and falls with his admission that the underlying case "has not technically been removed." While a state court lacks jurisdiction over an action removed to federal court, the removal statute does not encompass a civil action filed separately from the one removed to federal court, *see generally* 28 U.S.C. § 1441 (2012) (addressing the removal of civil actions to federal court), even if the two actions are virtually identical. *See Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (noting that the right to remove is strictly construed); *Ladson v. Kibble*, 307 F. Supp. 11, 15 (S.D.N.Y. 1969) (refusing to remand an action for consolidation in state court with another similar state court action); *see generally Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231 (D. N.M. 2011) (discussing the meaning of the phrase civil action). Accordingly, this argument lacks merit.

Turning to respondent's assertion that dismissal was proper because the second action would defeat or impair the federal court's jurisdiction, this argument is similarly without merit. Notably, where an action is in rem, the first court to exercise jurisdiction over the res has jurisdiction, while courts in which subsequent actions regarding the res are filed lack jurisdiction over such actions because their exercise of

jurisdiction would impair the jurisdiction of the first court. *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922). But this rule has no bearing here, as the underlying personal injury action is not an in rem action. Indeed, where, as here, an action asserting a personal liability cause of action seeks a personal judgment, a second, concurrent action in another jurisdiction involving the same cause of action is not precluded and does not impair or defeat the jurisdiction of the first court. *Id.* at 230; *accord Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 736 (9th Cir. 1988); *Karl v. Quality Loan Serv. Corp.*, 759 F. Supp. 2d 1240, 1245 (D. Nev. 2010), *aff'd*, 553 F. App'x 733 (9th Cir. 2014).

Accordingly, we conclude that the district court erred when it dismissed this action, and we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                        Cherry

cc: Hon. Rob Bare, District Judge
Israel Kunin, Settlement Judge
Christensen Law Offices, LLC
Alverson Taylor Mortensen & Sanders
Eighth District Court Clerk