**NOT FOR PUBLICATION**

MAY 13 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE P. CHAPMAN, Jr. and BRENDA J. GULLY CHAPMAN,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, a German national corporation; et al.,<br><br>　　　　　Defendants - Appellees. | No. 14-15927<br><br>D.C. No. 3:09-cv-00228-RCJ-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted May 11, 2016[**]
San Francisco, California

Before: KLEINFELD, IKUTA, and WATFORD, Circuit Judges.

**1.** The district court had jurisdiction to dismiss George and Brenda

Chapman's wrongful foreclosure and quiet title claims for failure to state a claim

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6). A panel of this court previously vacated the district court's exercise of jurisdiction over these claims because an unlawful detainer claim concerning the same *res* had been filed earlier and was pending in state court at the time of removal. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006). However, the panel also remanded the case to the district court with instructions that it could choose to proceed if the state court action had been terminated. *Chapman v. Deutsche Bank National Trust Co.*, 531 F. App'x 832, 833 (9th Cir. 2013). Because the unlawful detainer claim had been dismissed before the case was remanded, the district court permissibly elected to reopen the proceedings pursuant to the panel's instructions.

The panel's ruling did not unlawfully authorize the district court to proceed with the case. Although the "prior exclusive jurisdiction" doctrine mandates that a court abstain from exercising jurisdiction over *in rem* and *quasi in rem* actions when a different court has already exercised jurisdiction over a claim pertaining to the same *res*, the doctrine itself is prudential, not jurisdictional. *See Sexton v. NDEX West, LLC*, 713 F.3d 533, 536 n.5 (9th Cir. 2013). The district court correctly found that the statutory requirements for diversity jurisdiction were met at the time the claims were removed, and this court affirmed that determination. *See Chapman v. Deutsche Bank National Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th

Cir. 2011) (per curiam).  Once abstention was no longer mandated, the district court was free to exercise jurisdiction over the claims that were properly before it. *See Sexton*, 713 F.3d at 537.

**2.**  Because the Chapmans have not challenged the merits of the district court's order dismissing their claims, we need not address those issues here.

**AFFIRMED.**