NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE, LLC,

    Plaintiff-counter-
defendant-Appellee,

  v.

VEGAS PROPERTY SERVICES, INC.,

    Defendant-counter-claimant-
Appellant,

 and

BARBARA J. ESSES,

        Counter-defendant.

No.   22-16681

D.C. No.
2:17-cv-00617-RFB-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted December 4, 2023[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BRESS and JOHNSTONE, Circuit Judges, and EZRA,*** District Judge.

Appellant Vegas Property Services, Inc. ("VPS") seeks review of the district court's order denying it relief under Federal Rule of Civil Procedure 60(b)(4). VPS argues that the judgment in this action is void for lack of subject-matter jurisdiction.[1] We have jurisdiction under 28 U.S.C. § 1291. *Fidelity Nat'l Fin., Inc. v. Friedman*, 803 F.3d 999, 1001 (9th Cir. 2015). We review a district court's denial of relief under Rule 60(b)(4) de novo. *United States v. $277,000 U.S. Currency*, 69 F.3d 1491, 1493 (9th Cir. 1995). We affirm.

A judgment is void under Rule 60(b)(4) only if the "judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). If the court issuing the judgment had at least an "arguable" basis for jurisdiction, a judgment is not void under Rule 60(b)(4). *Id.* VPS asserts that the district court lacked subject-matter jurisdiction under the prior exclusive jurisdiction doctrine.[2]

---

*** The Honorable David A. Ezra, United States District Judge for the Western District of Texas, sitting by designation.

[1] The district court granted Nationstar summary judgment on December 4, 2019. This Court affirmed the summary judgment order on February 9, 2021. *Nationstar Mortg. LLC v. Vegas Prop. Servs., Inc.*, 835 F. App'x 922 (9th Cir. 2021).

[2] For the first time on appeal, Nationstar argues that VPS's motion was untimely. Nationstar forfeited this argument by failing to raise it to the district court in the first instance. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014). Thus, we decline to address it.

Prior exclusive jurisdiction is a mandatory prudential doctrine of judicial abstention, not a jurisdictional bar. *Sexton v. NDEX W., LLC*, 713 F.3d 533, 536 n.5 (9th Cir. 2013); *see also Applied Underwriters v. Lara*, 37 F.4th 579, 594–95 (9th Cir. 2022). It does not apply here.[3] Prior exclusive jurisdiction does not apply where the court first asserting *in rem* jurisdiction has taken "some affirmative act of abandonment" of its jurisdiction. *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1145 (9th Cir. 1989) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 450 n.5 (9th Cir. 1983); and then citing Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3631 (2d ed. 1985)); *see also Sexton*, 713 F.3d at 537 (noting that the doctrine applies only if the state court "has previously exercised jurisdiction over that same property and retains that jurisdiction in a separate, concurrent proceeding"). Here, the state court dismissed the action *twice* before the district court granted summary judgment.

At most, the state and federal court actions were concurrently pending for nine days.[4] And by the time the district court granted Nationstar's motion for

---

[3] We do not consider whether the prior exclusive jurisdiction doctrine is ever a sufficient basis for relief under Rule 60(b)(4). Even assuming it may be in some cases, the facts of this case do not warrant such relief.

[4] VPS asserts that the state court action was pending until March 2, 2021. The record provides no support for this assertion, and the state court docket reflects that the case is closed and that nothing has been filed since March 8, 2017.

summary judgment, the state action had been closed for more than two years. On these facts, there can be no doubt that the state court took an "affirmative act[ion] of abandonment," *One 1985 Cadillac Seville*, 866 F.2d at 1145, by first statistically closing the case, and second granting the stipulated dismissal. Thus, by the time the district court granted summary judgment in this action, there was at least an arguable basis to conclude that the prior exclusive jurisdiction doctrine did not apply, such that the judgment is not void under Rule 60(b)(4).[5]

Accordingly, the district court's order denying VPS's motion for relief under Rule 60(b)(4) is affirmed.

**AFFIRMED.**

---

[5] VPS also argues that Nationstar lacked Article III standing to bring this case because it failed to raise the federal foreclosure bar as a defense in the state action. Whether Nationstar's purported waiver of a potential defense in the state action impacts the federal action is a matter of claim preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion does not apply here because the state action did not result in a final judgment. *See Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (outlining requirements for claim preclusion, including a "valid" final judgment); *see also id.* at 713 n.27 (dismissal without prejudice is not a valid final judgment); *Brown v. MHC Stagecoach*, 301 P.3d 850, 852 n.1 (Nev. 2013) (statistical closure is not a final judgment).